UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LOPEZ,
    Plaintiff,
vs.

JULAUG INVEST 2, LLC and US
ROTONDE F&B, LLC d/b/a AZTECA,
    Defendants.

## COMPLAINT

Plaintiff, DANIEL LOPEZ (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, JULAUG INVEST 2, LLC and US ROTONDE F&B, LLC d/b/a AZTECA (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 1058 Collins Ave, Miami Beach, FL 33139 (hereinafter "Subject Premises"), just over a quarter mile from Plaintiff's residence

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District of Florida.

## PARTIES

**1.** Plaintiff, DANIEL LOPEZ, is a resident of Miami Beach, Florida, and is *sui*

*juris*. In 2008, Plaintiff became a bilateral amputee, above the knee, due to surgery; heis bound to ambulate in a wheelchair; and he is qualified individual with disabilities under the ADA law. Plaintiff's access to the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of his disabilities, and Plaintiff will continue to be denied and/or limited access in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Subject Premises, including but not limited, to those set forth in this Complaint.

4. Defendant, JULAUG INVEST 2, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, JULAUG INVEST 2, LLC, is the owner and/or operator/manager of the real property located on or about 1058 Collins Ave, Miami Beach, FL 33139 (herein referred to as the "Subject Premises"). This is the building where the Subject Premises is located, which is leased to Defendant, US ROTONDE F&B, LLC.

5. Defendant, US ROTONDE F&B, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district. According to the Miami-Dade County Tax Collector, the Defendant, US ROTONDE F&B, LLC was licensed on July 10, 2019 and occupies 1058 Collins Ave, Miami Beach, FL 33139 (herein referred to as the "Subject Premises") as a restaurant known as "Azteca".

6. The Subject Premises which is owned and/or operated by the Defendants as a restaurant is a place of public accommodation required by law to comply with the ADA and ADAAG.

**FACTUAL ALLEGATIONS AND CLAIM**

7. Plaintiff has visited the Subject Premises in the past, and most recently visited to dine, and accessed to the extent possible, or attempted to access, the Subject Premises and specific areas of the Subject Premises as described herein. Plaintiff's most recent visit to the Subject Premises was on September 19, 2024.

8. While visiting the Subject Premises, Plaintiff personally encountered and/or observed several barriers to access in violation of the ADA and ADAAG as detailed further at Paragraph 12—resulting in Plaintiff being denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

9. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes undue frustration and social embarrassment as a result of the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises were in compliance with the ADA and ADAAG.

10. In encountering the barriers to access at the Subject Premises and suffering the resulting discrimination, endangerment, difficulty, frustration, and embarrassment, Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the

requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

  **12.**  A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions, and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, include the following:

  a) **Inaccessible exterior bar. Portion of exterior bar required to be accessible not provided. Non-compliant height of exterior bar exceeds maximum allowance.** Mr. Lopez prefers to sit at the bar to meet and enjoy the company and conversation of others. The bar does not include an accessible lowered ADA compliant portion. Therefore Mr. Lopez was unable to have equal enjoyment as abled bodied individuals at the bar.

    ADAAG 226 Dining Surfaces and Work Surfaces

    ADAAG 226.1 General.

    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

    ADAAG 902 Dining Surfaces and Work Surfaces

    ADAAG 902.1 General.

    Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

    Advisory 902.1 General.

    Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

    ADAAG 902.3 Height.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

b) **Required minimum toe clearance not provided at exterior bar.**

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

c) **The first of two interior bars is inaccessible. Portion of the first of two interior bars required to be accessible not provided. Non-compliant height of the first of two interior bars exceeds maximum height allowance.** Mr. Lopez prefers to sit at the bar to meet and enjoy the company and conversation of others. The bar does not include an accessible lowered ADA compliant portion. Therefore Mr. Lopez was unable to have equal enjoyment as abled bodied individuals at the bar.

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.3 Height.

The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

**d)  Required minimum toe clearance not provided at the first of two interior bars.**

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

e) **The second of two interior bars is inaccessible. Portion of the second of two interior bars required to be accessible not provided. Non-compliant height of the second of two interior bars exceeds maximum height allowance.** Mr. Lopez prefers to sit at the bar to meet and enjoy the company and conversation of others. The bar does not include an accessible lowered ADA compliant portion. Therefore Mr. Lopez was unable to have equal enjoyment as abled bodied individuals at the bar.

   ADAAG 226 Dining Surfaces and Work Surfaces

   ADAAG 226.1 General.

   Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

   ADAAG 902 Dining Surfaces and Work Surfaces

   ADAAG 902.1 General.

   Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

   Advisory 902.1 General.

   Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

   ADAAG 902.3 Height.

   The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

f) **Required minimum knee clearance not provided at the second of two interior bars.**

   ADAAG 226 Dining Surfaces and Work Surfaces

   ADAAG 226.1 General.

   Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

   ADAAG 902 Dining Surfaces and Work Surfaces

   ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.3 Knee Clearance.

ADAAG 306.3.3 Minimum Required Depth.

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

ADAAG 306.3.5 Width.

Knee clearance shall be 30 inches (760 mm) wide minimum.

g) **Required minimum toe clearance not provided at the second of two interior bars.**

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

Advisory 902.1 General.

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

h) **Inaccessible dining tables located at interior bar side dining area. A minimum percentage of existing dining tables required to be accessible not provided at interior bar side dining area. Required minimum knee clearance not provided at dining tables located at interior bar side dining area.** While Mr. Lopez prefers to sit at the bar, because the bar was inaccessible, he should be able to comfortably dine in the seating area near the bar, but could not comfortably do so because of the lack of accessible seating and knee/toe clearance.

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.3 Knee Clearance.

ADAAG 306.3.3 Minimum Required Depth.

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

i) **Inaccessible dining tables located at interior bar side dining area. Required minimum toe clearance not provided at dining tables located at interior bar side dining area.** While Mr. Lopez prefers to sit at the bar, because the bar was inaccessible,

he should have been able to comfortably dine in the seating area near the bar but could not comfortably do so because of the lack of accessible seating and knee/toe clearance.

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

j) **Inaccessible dining tables located at interior main dining area. A minimum percentage of existing dining tables required to be accessible not provided at interior main dining area. Required minimum knee clearance not provided at dining tables located at interior main dining area.** While Mr. Lopez prefers to sit at the bar, because the bar was inaccessible, he should have been able to comfortably dine in the seating area near the bar but could not comfortably do so because of the lack of accessible seating and knee/toe clearance.

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

    Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

    ADAAG 902.2 Clear Floor or Ground Space.

    A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

    ADAAG 306.3 Knee Clearance.

    ADAAG 306.3.3 Minimum Required Depth.

    Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

k) **Required minimum toe clearance not provided at dining tables located at interior main dining area.**

    ADAAG 226 Dining Surfaces and Work Surfaces

    ADAAG 226.1 General.

    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

    ADAAG 902 Dining Surfaces and Work Surfaces

    ADAAG 902.1 General.

    Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

    ADAAG 902.2 Clear Floor or Ground Space.

    A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

    ADAAG 306.2 Toe Clearance.

    ADAAG 306.2.3 Minimum Required Depth.

    Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

l) **The first of two non-compliant doors locked at door of men's restroom requires twisting of the wrist.** Mr. Lopez ambulates in a wheelchair and non-compliance doors and hardware make it difficult for Mr. Lopez to both guide and push his wheelchair while also opening doors and latches that require twisting of the wrist.

ADAAG 404 Doors, Doorways, and Gates

ADAAG 404.1 General.

Doors, doorways, and gates that are part of an accessible route shall comply with 404.

ADAAG 404.2.7 Door and Gate Hardware.

Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground.

ADAAG 309.4 Operation.

Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

m) **The second of two non-compliant door locks at door of men's restroom requires twisting of the wrist.**

ADAAG 404 Doors, Doorways, and Gates

ADAAG 404.1 General.

Doors, doorways, and gates that are part of an accessible route shall comply with 404.

ADAAG 404.2.7 Door and Gate Hardware.

Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground.

ADAAG 309.4 Operation.

Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

n) **Insulation of pipes and water lines under the lavatory in men's restroom not provided as required.**

ADAAG 606 Lavatories and Sinks.

ADAAG 606.5 Exposed Pipes and Surfaces.

    Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

o) **Inaccessible hand dryer in men's restroom. Non-compliant mounted height of hand dryer in men's restroom exceeds maximum allowance.** Mr. Lopez has difficulty reaching and using the hand dryer when it is not installed or placed at an accessible height.

    ADAAG Advisory 606.1 General.

    If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308. Locate soap and towel dispensers so that they are conveniently usable by a person at the accessible lavatory.

    ADAAG 308.2 Forward Reach.

    ADAAG 308.2.1 Unobstructed.

    Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum, and the low forward reach shall be 15 inches minimum above the finished floor or ground.

    ADAAG 308.2.2 Obstructed High Reach.

    Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum, and the reach depth shall be 25 inches maximum.

    ADAAG 308.3 Side Reach.

    ADAAG 308.3.1 Unobstructed.

    Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum, and the low side reach shall be 15 inches minimum above the finish floor or ground.

    ADAAG 308.3.2 Obstructed High Reach.

    Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum, and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches

maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

p) **Inaccessible mirror in men's restroom. Non-compliant mounted height of mirror in men's restroom exceeds maximum height allowance.**

   ADAAG 603.3 Mirrors.

   Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

q) **Non-compliant position of plumbing valves located directly behind toilet seat of water closet in men's restroom.**

   ADAAG 604 Water Closets and Toilet Compartments.

   ADAAG Advisory 604.6 Flush Controls.

   If plumbing valves are located directly behind the toilet seat, flush valves and related plumbing can cause injury or imbalance when a person leans back against them. To prevent causing injury or imbalance, the plumbing can be located behind walls or to the side of the toilet; or if approved by the local authority having jurisdiction, provide a toilet seat lid.

r) **Insulation of pipes and water lines under the lavatory in women's restroom not provided as required.**

   ADAAG 606 Lavatories and Sinks.

   ADAAG 606.5 Exposed Pipes and Surfaces.

   Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

s) **Inaccessible hand dryer in women's restroom. Non-compliant mounted height of hand dryer in women's restroom exceeds maximum height allowance.**

   ADAAG Advisory 606.1 General.

   If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308. Locate soap and towel dispensers so that they are conveniently usable by a person at the accessible lavatory.

   ADAAG 308.2 Forward Reach.

> ADAAG 308.2.1 Unobstructed.
>
> Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum, and the low forward reach shall be 15 inches minimum above the finished floor or ground.
>
> ADAAG 308.2.2 Obstructed High Reach.
>
> Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum, and the reach depth shall be 25 inches maximum.
>
> ADAAG 308.3 Side Reach.
>
> ADAAG 308.3.1 Unobstructed.
>
> Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum, and the low side reach shall be 15 inches minimum above the finish floor or ground.
>
> ADAAG 308.3.2 Obstructed High Reach.
>
> Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum, and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

t) **Inaccessible mirror in women's restroom. Non-compliant mounted height of mirror in women's restroom exceeds maximum height allowance.**

> ADAAG 603.3 Mirrors.
>
> Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

u) **Non-compliant position of plumbing valves located directly behind toilet seat of water closet in women's restroom.**

> ADAAG 604 Water Closets and Toilet Compartments.

> ADAAG Advisory 604.6 Flush Controls.
> If plumbing valves are located directly behind the toilet seat, flush valves and related plumbing can cause injury or imbalance when a person leans back against them. To prevent causing injury or imbalance, the plumbing can be located behind walls or to the side of the toilet; or if approved by the local authority having jurisdiction, provide a toilet seat lid.

13. Naturally, because Plaintiff encountered and observed the initial barriers to access, above, he was denied full access to all areas of the Subject Premises, the violations listed above are not to be considered all-inclusive of the barriers, conditions, and/or violations which exist at the Subject Premises.

14. It is in the best interest of all persons with disabilities that a full inspection be completed to ensure that the Subject Premises is in full compliance with the ADA and ADAAG for all disabled patrons. Further, a full inspection of the entire property would be beneficial to all Parties to this action because it would protect Plaintiff from the likelihood further discrimination, difficulty, frustration, and social embarrassment of encountering additional barriers to access once he has equal, full, and unrestricted access to all public areas of the Subject Premises—and Defendants would benefit from an inspection of the entire Subject Premises, as they will be able to efficiently identify all barriers to access and finally bring the Subject Premises into compliance with the ADA, which was enacted over three (3) decades ago, preventing further discrimination based on disability towards any future patrons and avoiding potential future lawsuits by other disabled patrons or by Plaintiff if he is to encounter any additional barriers to access one the initial barriers encountered have been remediated.

15. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

16.     The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses." 42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

17.     The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

18.     Plaintiff, who lives about a quarter mile from the Subject Premises, will undoubtedly return to the Subject Premises with the next 90 days in hopes that the barriers to access will have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises

without fear of the same discrimination, endangerment of their safety, or social and public embarrassment which Plaintiff has unfortunately endured.

**19.** Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

**20.** Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in willful non-compliance with the ADA. The restaurant's food and seating license was only issued in 2019—well after the ADA was enacted and long after restaurants and other places of public accommodation were required to comply with the ADA and ADAAG. Further, the City of Miami Beach's online permit search shows that there have been about 10 different permits issued for this property, including specifically the remodeling of the property in May 2021 and the conversion of 2 former parking spaces into a exterior seating area in September 2022.

**21.** Defendants have discriminated against Plaintiff and others with disabilities by willfully denying access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations which they offer and provide at the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are required and compelled by the Court to remove all physical barriers that exist at the Subject Premises (including those

specifically set forth herein) and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

22. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions by Defendants as described in this Complaint..

23. Plaintiff is without adequate remedy at law and is suffering irreparable harm—and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Subject Premises, including those set forth herein.

24. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action—and is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

25. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, FL 33432
(305) 804-5435
WassenbergL@gmail.com